**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-659C

(Filed: August 24, 2016)

(NOT TO BE PUBLISHED)

**FILED**

**AUG 2 4 2016**

U.S. COURT OF
FEDERAL CLAIMS

```
*********************************
                                  )
MICHAEL DRISCOLL,                 )
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  )
UNITED STATES,                    )
                                  )
            Defendant.            )
                                  )
*********************************
```

## OPINION AND ORDER

Michael Driscoll, Selden, New York, *pro se*.

Zachary J. Sullivan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Elizabeth M. Hosford, Assistant Director, Civil Division, United States Department of Justice, Washington, D.C.

LETTOW, Judge.

Plaintiff Michael Driscoll seeks review of a decision by the New York State Court of Claims ("New York Claims Court"), denying his motion for default judgment. Compl. ¶ 2 ("I am filing my Summons and Complaint with the United States Court of Claims, *against the (NYS) Court of Claims*; for violating my Constitutional rights, Judicial Law Proceedings, policies and procedures[] governing proper response time (21) days, to a summons and complaint on file (115969 / M-76366)).") (emphasis added). Mr. Driscoll's complaint states that he had filed suit in the New York Claims Court requesting relief relating to child support payments. Compl. ¶ 3. Attachments to his complaint explain that he had been involved in a divorce proceeding, which apparently resulted in an obligation to pay child support. Neither Mr. Driscoll's complaint nor its attachments make any claims or allegations against the United States.[1]

---

[1] Mr. Driscoll states that he has also filed suit in the United States Tax Court to challenge New York state taxes. Compl. ¶ 7. In *Driscoll v. Commissioner*, No. 12051-16 (Tax Ct.), the

The United States has filed a motion to dismiss, contending that this court lacks jurisdiction over claims against parties other than the United States. Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 6. As an exhibit to this motion, the government has submitted a decision of the New York Claims Court, which decision contains a "claim number" of "115969" and "motion number" of "M-76366," which are identical to the numbers cited in Mr. Driscoll's complaint. Def.'s Mot. at Ex. A (showing order of the state court). That decision shows that Mr. Driscoll filed a motion for a default judgment against the State of New York, and that the New York Claims Court denied the motion as improper under state law. *Id.* Mr. Driscoll has responded to the government's motion to dismiss, elaborating on the actions of the New York Claims Court. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 7.

Pursuant to the Tucker Act, codified at 28 U.S.C. § 1491(a), this court's jurisdiction is limited to actions against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). If the court at any time determines it lacks jurisdiction, it must dismiss the case. Rule 12(h)(3) of the Rules of the Court of Federal Claims; *see also Brady v. United States*, 541 Fed. Appx. 991, 993 (Fed. Cir. 2013) (affirming *sua sponte* dismissal of a *pro se* complaint for lack of jurisdiction); *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (although courts hold *pro se* plaintiffs to less stringent standards, this leniency does not extend to plaintiff's burden of establishing jurisdiction). Because Mr. Driscoll makes no allegations against the United States, the court must dismiss his case.

The court also declines transfer of the case pursuant to 28 U.S.C. § 1631, which permits transfer in the interest of justice to another federal court that would have had jurisdiction. Federal courts generally lack jurisdiction directly to review the decisions of state tribunals, and consequently the court can discern no federal forum to which this case could be transferred. *See Betts v. United States*, ___ Fed. Appx. ___, ___, 2016 WL 3645112, at *1-2 (Fed. Cir. July 8, 2016) (affirming a trial court's decision to decline transfer to another federal court, citing the *Rooker-Feldman* doctrine, when plaintiff sought review of a state tribunal's decision (referring to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983))).

The court concludes that Mr. Driscoll's complaint must be dismissed for lack of subject matter jurisdiction.[2] The clerk is directed to enter judgment in accord with this disposition.[3]

No costs.

---

Commissioner filed a motion to dismiss for lack of jurisdiction, and Mr. Driscoll obtained an extension of time to August 17, 2016 to file a response to that motion. *See* Order of July 26, 2016, *Driscoll v. Commissioner*, No. 12051-16 (Tax Ct.).

[2]Even if the court were to determine that Mr. Driscoll made allegations against the United States, the court would dismiss the case because 28 U.S.C. § 1915(e)(2)(B)(i), (ii) is applicable (Mr. Driscoll has moved for leave to proceed *in forma pauperis*), and his complaint makes no allegations that could be construed as stating an action for monetary relief within the ambit of the Tucker Act.

[3]Plaintiff's motion to proceed *in forma pauperis*, ECF No. 3, is GRANTED.

It is so ORDERED.

_____
Charles F. Lettow
Judge